# Exhibit A

The information available on Case.net is provided as a service and is not considered an official court record.


Case.net:26SL-CC06016 - JILL JACKMAN V. MICHAELS STORES, INC (E-CASE) - Docket Entries

**| Respond to Selected Documents |** **Sort by date:** Descending Ascending **Display options:** All Entries

**10/03/2026**

**Notice of Service**

Affidavit of Service.

**Filed By:** MICHAEL GARLAND

**On Behalf Of:** JILL JACKMAN

**Corporation Served**

Document ID - 26-SMCC-11305; Served To - MICHAELS STORES, INC; Served Date - 09/29/2026; Served Time - 09:59:37; Service Type - SD; Reason Description - SERV; Service Text -

**09/08/2026**

**Motion Special Process Server**

Request for Appointment of Process Server.

**Filed By:** MICHAEL GARLAND

**On Behalf Of:** JILL JACKMAN

**09/01/2026**

**Summons Issued-Circuit**

Document ID: 26-SMCC-11305, for MICHAELS STORES, INC Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Judge Assigned**

DIV 3

**Filing Info Sheet eFiling**

**Filed By:** MICHAEL GARLAND

**Pet Filed in Circuit Ct**

Petition; Exhibit A; Exhibit B.

**Filed By:** MICHAEL GARLAND

**On Behalf Of:** JILL JACKMAN

Electronically Filed - St Louis County - September 01, 2026 - 03:37 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| JILL JACKMAN<br><br>Plaintiff,<br><br>v.<br><br>MICHAELS STORES, INC<br>d/b/a Michaels Arts & Crafts<br><br>**Serve:** Registered Agent<br>CSC-Lawyers Incorporating<br>Service Company<br>221 Bolivar St<br>Jefferson City, MO 65101<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. ________________<br><br>Div. No. ________________ |

**PETITION**

COMES NOW Plaintiff Jill Jackman ("Plaintiff"), by and through counsel, for her Petition against Defendant Michaels Stores, Inc., d/b/a Michaels Arts & Crafts ("Defendant"), states as follows:

**PARTIES**

1. Plaintiff Jill Jackman is an individual residing in St. Louis County, Missouri.

2. Plaintiff was sixty-one (61) years old at the time of her termination and was a member of the protected class under the Missouri Human Rights Act ("MHRA").

3. Defendant is a corporation organized under the laws of the State of Texas, with its principal place of business located in Irving, Texas.

4. At all relevant times, Defendant was authorized to transact business in the State of Missouri and regularly conducted substantial business within the State of Missouri, including owning and operating retail stores in St. Louis County, Missouri.

Electronically Filed - St Louis County - September 01, 2026 - 03:37 PM

5. At all relevant times, Defendant employed Plaintiff within the State of Missouri.

6. Defendant operates a retail store located at 6933 South Lindbergh Boulevard, St. Louis, Missouri 63125 (the "Store"), where Plaintiff was employed at the time of her termination.

## JURISDICTION AND VENUE

7. Defendant's unlawful employment practices complained of herein occurred in St. Louis County, Missouri.

8. Pursuant to Article V, Section 14 of the Missouri Constitution and the MHRA, RSMo. §§ 213.010 *et seq.*, this Court has jurisdiction over Plaintiff's claims.

9. Venue is proper in this Court pursuant to RSMo. §§ 213.111 and 508.010, as the acts, occurrences, and events alleged in this action took place, in whole or in part, in St. Louis County, Missouri.

## JURISDICTIONAL PREREQUISITES

10. Plaintiff timely filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") and Missouri Commission on Human Rights ("MCHR") on January 21, 2026, alleging unlawful age discrimination. A true and accurate copy of the Charge is attached hereto as **Exhibit A**.

11. Plaintiff named Defendant in her Charge.

12. More than one hundred eighty (180) days have elapsed since Plaintiff filed her Charge.

13. On August 31, 2026, the MCHR issued Plaintiff a Notice of Right to Sue. A true and accurate copy of Plaintiff's Notice of Right to Sue is attached hereto as **Exhibit B**.

Electronically Filed - St Louis County - September 01, 2026 - 03:37 PM

14. Plaintiff has fully complied with all jurisdictional prerequisites under the MHRA to bring this action.

15. Plaintiff is timely filing this action within ninety (90) days of the date her Notice of Right to Sue letter issued, and within two (2) years of Plaintiff's termination by Defendant.

16. Plaintiff has satisfied and exhausted all administrative and judicial prerequisites prior to the filing of this action.

## FACTUAL ALLEGATIONS

17. Plaintiff began working for Defendant in approximately September 2000.

18. During her twenty-five years of employment, Plaintiff advanced from a part-time sales associate to Store Manager.

19. Throughout her employment, Plaintiff managed multiple stores for Defendant in various locations.

20. Plaintiff consistently received promotions based upon her performance.

21. Plaintiff was a good employee.

22. At the time of her termination, Plaintiff was serving as the Store Manager of Defendant's retail store located at 6933 South Lindbergh Boulevard in St. Louis County.

23. Under Plaintiff's management, the store she managed was exceeding its sales goals.

24. During her career with Defendant, Plaintiff had a clean record.

25. Plaintiff was fully qualified to perform the essential functions of her position.

26. On or about September 30, 2025, Plaintiff was abruptly terminated.

27. Defendant informed Plaintiff that the reason for her termination was alleged "sexual misconduct."

Electronically Filed - St Louis County - September 01, 2026 - 03:37 PM

28. The allegation was primarily based upon a single workplace incident.

29. During that incident, Plaintiff and a younger female subordinate were working in Defendant's balloon preparation area, which is a small and confined workspace.

30. Plaintiff was called to another section of the store and as she exited the balloon area, she lightly tapped the subordinate on the upper back while saying "excuse me" in order to pass through the confined space.

31. Nothing about this action was inappropriate, sexual, or offensive in any way.

32. Plaintiff did not engage in any conduct which could reasonably be characterized as "sexual misconduct."

33. Defendant terminated Plaintiff without even discussing the incident with her.

34. Within approximately two hours of Plaintiff's termination, Defendant hired or selected a substantially younger individual to replace Plaintiff as Store Manager.

35. Due to the high performance of the Store, Plaintiff was likely going to receive a significant bonus based the Store's performance metrics.

**COUNT I**
**AGE DISCRIMINATION**

36. Plaintiff incorporates all prior paragraphs.

37. At the time of Plaintiff's termination, Plaintiff was at least forty years of age and was protected under the Missouri Human Rights Act.

38. Plaintiff was qualified for her position.

39. Plaintiff performed her job duties in a satisfactory manner for 25 years.

Electronically Filed - St Louis County - September 01, 2026 - 03:37 PM

40. Defendant terminated Plaintiff's employment and replaced Plaintiff with a substantially younger individual.

41. Defendant's asserted reason for Plaintiff's termination was false pretext for unlawful discrimination.

42. Plaintiff's age was a motivating factor in Defendant's decision to terminate her employment.

43. Defendant used the unsubstantiated and false allegation of "sexual misconduct" in an attempt to justify removing Plaintiff from her position.

44. Defendant treated Plaintiff less favorably than similarly situated younger employees.

45. Defendant's conduct violated the MHRA, RSMo. §§ 213.010, *et seq*.

46. Defendant's conduct was intentional, willful, malicious, and undertaken with reckless indifference to Plaintiff's rights protected under the MHRA.

47. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages, including but not limited to lost wages, lost employment benefits, lost future earnings and benefits, attorneys' fees, mental and emotional distress, humiliation, and damage to professional reputation.

WHEREFORE Plaintiff Jill Jackman prays this court will rule in her favor and against Defendant Michaels Stores, Inc., d/b/a Michaels Arts & Crafts for age discrimination in violation of RSMo. § 213.010, et. seq., and award Plaintiff actual and compensatory damages including prejudgment interest, as allowed by law, reasonable attorneys' fees and costs of suit, and for such other relief as this Court deems just and proper.

Respectfully,

Electronically Filed - St Louis County - September 01, 2026 - 03:37 PM

**GARLAND LAW, P.C.**

*/s/ Michael D. Garland*
Michael D. Garland, #74663(MO)
101 W. Argonne Ave. #202
Kirkwood, MO 63122
Tel: 314-332-6228
Email: michael@garlandlawpc.com

***Attorney for Plaintiff Jill Jackman***

26SL-CC06016
Electronically Filed - St Louis County - September 01, 2026 - 03:37 PM

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: Agency(ies) Charge No(s):

Missouri Commission on Human Rights and EEOC
*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs., Miss, Dr., Hon., Rev., etc.)* | Home Phone | Year of Birth |
|---|---|---|
| Mrs. Jill Jackman | 636-575-9797 | 1963 |

Street Address, City State and ZIP Code
2544 Somerville Dr.
High Ridge, MO 63049

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| The Michaels Companies, Inc. | 100+ | |

Street Address, City State and ZIP Code
6933 S. Lindbergh Blvd.,
St. Louis, MO 63125

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address, City, State and ZIP Code

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE Earliest | Latest |
|---|---|---|
| Age | | 09/30/2025 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

See Attached.

KAYLEE ACHELPOHL
Notary Public-Notary Seal
STATE OF MISSOURI
St. Charles County
My Commission Expires: 02/26/2029
Commission #25255007

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – *When necessary for State and Local Agency Requirements*

Kaylee Achelpohl

I declare under penalty of perjury that the above is true and correct.

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

Jill Lynn Jackman

1/2/2026
*Date*

Jill Lynn Jackman
*Charging Party Signature*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*
1/2/2026

Electronically Filed - St Louis County - September 01, 2026 - 03:37 PM

**Particulars – J. Jackman**

On September 30, 2025, I was terminated from my position as Store Manager from a Michaels Arts and Crafts ("Michaels") store located at 6933 S. Lindbergh Blvd., St. Louis, MO 63125.

I worked for Michaels for the last 25 years, beginning in September 2000. Over the last 25 years I have worked my way up from part-time sales associate to store manager. I have been promoted many times and have managed stores in multiple locations. At the time of my termination the store I was managing was 20% over its sales goals.

The reason I was given for my termination was "sexual misconduct", but that never occurred. One day at work a young female subordinate and I were filling up balloons. I had to address another issue in the store so as I was walking out of the balloon area, which is a fairly small area, I tapped this subordinate on the top of her back and said, "excuse me" to get by her. There was absolutely no other contact and nothing even remotely sexual.

At the time of my termination, I was 61 years old. In the entire 25 years of my employment, I had never received a right-up or disciplinary action. Within two hours of my termination, the store hired my replacement who was much younger than me.

This "sexual misconduct" allegation is false, defamatory, and is clearly pretext to terminate me based on my age. As a result, I have lost my salary and benefits and have had great difficulty finding replacement employment. I have also suffered mention and emotional trauma from the allegation and termination.

26SL-CC06016
Electronically Filed - St Louis County - September 01, 2026 - 03:37 PM

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS

| | | | |
|---|---|---|---|
| **MIKE KEHOE**<br>GOVERNOR | **ANNA S. HUI**<br>DEPARTMENT DIRECTOR | **CHRISTOPHER SLINKARD**<br>COMMISSION CHAIR | **SHANNON THOMPSON**<br>ACTING EXECUTIVE DIRECTOR |

August 31, 2026

Jill Jackman
2544 Somerville Dr
High Ridge, MO 63049

**NOTICE OF RIGHT TO SUE**

RE: Jill Jackman Vs. The Micheals Companies INC FE-03/26-40165 560-2026-01340

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue from MCHR and/or the Equal Employment Opportunity Commission (EEOC) with whom this matter was dual filed.

This letter indicates your right to bring a civil action within 90 days of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your complaint in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST**.

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period for any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.

In addition to the process described above, if any party is aggrieved by this decision of the MCHR, that party may appeal the decision by filing a petition under § 536.150 of the Revised Statutes of Missouri. Any such petition must be filed in the Circuit Court of Cole County.

(CONTINUED ON NEXT PAGE)

Electronically Filed - St Louis County - September 01, 2026 - 03:37 PM

RE: Jill Jackman Vs. The Micheals Companies INC FE-03/26-40165 560-2026-01340

Respectfully,

Shannon Thompson

Shannon Thompson
Acting Executive Director

CC:

Respondent: The Michaels Companies Inc
6933 S Lindbergh Blvd
Saint Louis, MO 63125

Respondent Attorney: Amy Scott
8000 Bent Branch Dr
Irving, TX 75063
Scotta@michaels.com

Complainant Attorney: Michael Garland
Garland Law P.C.
101 W Argonne Dr
Suite 202
St. Louis, MO 63122
michael@garlandlawpc.com

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>HEATHER RENE CUNNINGHAM | **Case Number: 26SL-CC06016** | |
|---|---|---|
| Plaintiff/Petitioner:<br>JILL JACKMAN<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MICHAEL GARLAND<br>101 W ARGONNE DR. 202<br>KIRKWOOD, MO 63122 | |
| Defendant/Respondent:<br>MICHAELS STORES, INC<br>DBA: MICHAELS ARTS & CRAFTS | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp for Return) |

**The State of Missouri to:** **MICHAELS STORES, INC**
**Alias:**
**DBA: MICHAELS ARTS & CRAFTS**
**CSC-LAWYERS INC SERV CO**
**221 BOLIVAR STREET**
**JEFFERSON CITY, MO 65101**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

01-SEP-2026
Date

/S/ Adam Dockery
Clerk

**Further Information:**
AD

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________________________.

Served at ______________________________________________ (address)

in ______________________________ (County/City of St. Louis), MO, on ____________________ (date)

at ______________ (time).

______________________________ Printed Name of Officer or Server

______________________________ Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________________ (date).

*(Seal)*

My commission expires: ____________________ Date ______________________________ Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the “neutral,” who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator’s decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**<u>(4) Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**<u>(5) Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**<u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - September 08, 2026 - 04:08 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

SEAL OF THE CIRCUIT COURT OF ST. LOUIS COUNTY MISSOURI

For File Stamp Only

JILL JACKMAN
Plaintiff/Petitioner

September 8, 2026
Date

26SL-CC06016
Case Number

vs.

Division

MICHAELS STORES, INC DBA: MICHAELS ARTS & CRAFTS
Defendant/Respondent

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Plaintiff, by and through undersigned counsel (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| David Roberts (HPS Process Service & Investigations) | 6642 Clayton Rd, Suite 243, Richmond Heights, MO 63117 | 714 881 8310 |

| Name of Process Server | Address or in the Alternative | Telephone |
|---|---|---|
| | | |

| Name of Process Server | Address or in the Alternative | Telephone |
|---|---|---|
| | | |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
CSC-LAWYERS INC SERV CO
Name
221 BOLIVAR STREET
Address
JEFFERSON CITY, MO 65101
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By ______________________
Deputy Clerk

______________________
Date

Signature of Attorney/Plaintiff/Petitioner
74663
Bar No.
101 W. Argonne Dr., #202
Address
(314) 332-6228
Phone No.
Fax No.

Electronically Filed - ST LOUIS COUNTY - September 08, 2026 - 04:08 PM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - ST LOUIS COUNTY - October 03, 2026 - 11:07 AM

# AFFIDAVIT OF SERVICE

**State of Missouri** **County of Saint Louis** **Circuit Court**

Case Number: 26SL-CC06016

Plaintiff/Petitioner:
**JILL JACKMAN**
vs.
Defendant/Respondent:
**MICHAELS STORES, INC., d/b/a MICHAELS ARTS & CRAFTS**

Received by HPS Process Service & Investigations to be served on **Michaels Stores, Inc., d/b/a Michaels Arts & Crafts c/o CSC- Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101**. I, DAVID M. ROBERTS, being duly sworn, depose and say that on the 29 day of SEP, 2026 at 1:36 p.m., executed service by delivering a true copy of the Summons in Civil Case; Petition; and Request for Appointment of Process Server in accordance with state statutes in the manner marked below:

(X) REGISTERED AGENT SERVICE: By serving LAUREN SHIPLEY as designee for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving ______ as ______ for the above-named entity.

( ) CORPORATE SERVICE: By serving ______ as ______ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

() NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** ______

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. I declare under penalty of perjury that the foregoing is true and correct.

KAYLA C WILCOX
Notary Public-Notary Seal
STATE OF MISSOURI
Commissioned for Moniteau County
My Commission Expires: July 15, 2030
ID. #26625975

[signature]

PROCESS SERVER # PPS26-0312
Appointed in accordance with State Statutes

Subscribed and Sworn to before me on the 29 day of September, 2026 by the affiant who is personally known to me.

[signature]
NOTARY PUBLIC

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: 2026017341

Copyright © 1992-2026 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Electronically Filed - ST LOUIS COUNTY - October 03, 2026 - 11:07 AM

MICHAELS STORES, INC.

**Case Number: 26SL-CC06016**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to: LAUREN SHIPLEY (name) designee of Reg. Agent (title).

☐ other: ______________________.

Served at 221 BOLIVAR ST., JEFFERSON CITY, MO 65101 (address)

in COLE (County/~~City of St. Louis~~), MO, on 09/29/26 (date)

at 1:36 pm (time).

DAVID M. ROBERTS
Printed Name of Officer or Server

Signature of Officer or Server

KAYLA [illegible]
Notary Public-Notary Seal
STATE OF MISSOURI
Commissioned for Moniteau County
My Commission Expires: July 15, 2030
ID. #26625975

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on September 29, 2026 (date).

(Seal)

My commission expires: July 15, 2030 Date

Kayla C. Wilson Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.